1

2

3

4                                  UNITED STATES DISTRICT COURT

5                              NORTHERN DISTRICT OF CALIFORNIA

6

7     CLAYTON WOOD,                                Case No.  14-cv-03764-JSC

8                   Plaintiff,

9            v.                                    **ORDER RE: MOTION FOR
                                                   ATTORNEY FEES**
10    CAROLYN COLVIN,
                                                   Re: Dkt. No. 22
11                 Defendant.

12

13        Now pending before the Court is Plaintiff's motion for attorney's fees pursuant to the

14    Equal Access to Justice Act, 28 U.S.C. § 2412(d).  (Dkt. No. 22.)  Under the EAJA, the

15    government is "liable for such fees and expenses to the same extent that any other party would be

16    liable under common law."  28 U.S.C. § 2412(b).  The statute has been construed to allow the

17    prevailing party to recover fees in cases involving "bad faith" by the government or an agency

18    "unless the court finds that the position of the United States was substantially justified or that

19    special circumstances make an award unjust."  *Brown v. Sullivan*, 916 F.2d 492, 495 (9th Cir.

20    1990) (quoting 28 U.S.C. § 2412(d)(1)(A)).

21        The party seeking fees must file an application within thirty days of final judgment in the

22    action.  28 U.S.C. § 2412(d)(1)(B).  "An EAJA application may be filed until 30 days after a

23    judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."  *Shalala v.*

24    *Schaefer*, 509 U.S. 292, 302 (1993).  Pursuant to Federal Rule of Appellate Procedure 4(a), the

25    time for appeal in a civil case to which a federal officer is a party does not end until sixty days

26    after entry of judgment.  Fed. R. App. P. 4(a)(I)(B)(i).

27        The Court entered judgment in this matter on August 14, 2015.  (Dkt. No. 20.)  The

28    judgment did not become final—*i.e.*, "not appealable"—under Rule 4(a) until October 13, 2015.

United States District Court
Northern District of California

1   Plaintiff filed the motion on September 10, 2015.  Thus, the 30-day time period for filing an

2   application for EAJA fees had not yet begun when Plaintiff filed the instant motion.  Defendant

3   therefore properly contends that Plaintiff's motion was premature, and urges the Court to strike the

4   motion or hold it in abeyance until after the expiration of the 60-day period within which the

5   Commissioner may file an appeal and give the Commissioner 14 weeks to respond.  (Dkt. No. 23.)

6   The Court deems Plaintiff's motion filed timely filed as of October 14, 2015, and ORDERS

7   Defendant to respond to the motion by December 17, 2015.  Plaintiff may file a reply December

8   23, 2015.

9        **IT IS SO ORDERED.**

10  Dated: December 7, 2015

11

12

13  JACQUELINE SCOTT CORLEY
    United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California