1
2
3
4          UNITED STATES DISTRICT COURT
5          NORTHERN DISTRICT OF CALIFORNIA
6
7    CLAYTON WOOD,                          Case No.14-cv-03764-JSC
              Plaintiff,
8
                                            **ORDER RE: PLAINTIFF'S MOTION
9         v.                                FOR FEES**
10   NANCY A. BERRYHILL,                     Re: Dkt. No. 29
              Defendant.
11
12
13        In this Social Security case, Plaintiff Clayton Wood moves for attorneys' fees pursuant to

14   42 U.S.C. § 406(b). (Dkt. No. 27.) Defendant Nancy A. Berryhill, the Commissioner of the

15   Social Security Administration ("SSA"), submitted a response analyzing the fee request which

16   does not take a position as to the reasonableness of the fee request. After carefully considering the

17   arguments and briefing submitted, the Court concludes that oral argument is unnecessary, *see* Civ.

18   L.R. 7-1(b), and denies the motion without prejudice.

19                              **BACKGROUND**

20        This case stems from Plaintiff's appeal of the SSA's denial of his application for disability

21   benefits for a combination of physical and mental impairments, including: post traumatic stress

22   disorder, head injury, head pain, depression, ringing in the inner ear, blurred eye vision, and short

23   term memory loss. On August 14, 2015, the Court granted Plaintiff's motion for summary

24   judgment, denied Defendant's cross motion for summary judgment, and remanded to the SSA for

25   further proceedings, concluding that the Administrative Law Judge ("ALJ") committed legal error

26   in weighing the medical evidence and evaluating Plaintiff's credibility. (Dkt. No. 19.) On

27   remand, the ALJ determined that Plaintiff was, and continues to be, disabled as of November

28

2011. (Dkt. No. 29-1 at 1.[1])  As a result, the SSA awarded Plaintiff past-due benefits, in the amount of $53,881.50 for himself and $19,476 for his minor daughter, as well as ongoing benefits. (*Id.*)  On December 28, 2015, pursuant to the parties' stipulation, the Court awarded $4,303.92 in fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Dkt. No. 27.)  Plaintiff subsequently filed a motion for fees pursuant to 42 U.S.C. § 406(b).  (Dkt. No. 29.)  Counsel requests fees in the amount of $15,339.00; this total represents 25% of Plaintiff's and his daughter's past-due benefits.  (Dkt. No. 27 at 8.)

**DISCUSSION**

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25% of the total of past-due benefits awarded to the claimant.  42 U.S.C. § 406(b)(1)(A).  A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand.  *See, e.g.*, *Crawford v. Astrue,* 586 F.3d 1142 (9th Cir.2009) (en banc); *Wells v. Colvin*, No. 12-CV-05287-JST, 2015 WL 4072847, at *1 (N.D. Cal. July 2, 2015).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements."  *Id.* at 808-09.  The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation, any dilatory conduct by counsel to accumulate additional fees, whether the requested fees are excessively large in relation to the

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

benefits achieved, and the risk counsel assumed by accepting the case. *See Crawford,* 586 F.3d at 1151-52; *Wells*, 2015 WL 4072847 at *1.

Plaintiff's counsel has provided insufficient information for the Court to analyze the reasonableness of his fee request. First, counsel bases his fee request in part on the contingency fee agreement that he had with Plaintiff which provides in part that he shall receive 25 percent of any award of past-due benefits. (Dkt. No. 29-3 at 1.) However, this agreement was signed by Mr. Wood June 15, 2015 and "approved by the law firm" August 2, 2015—which is four months after the motion for summary judgment was fully briefed and while that motion was under submission—that is, after all the substantive work had been performed in this case. (Dkt. No. 29-3 at 3.) To the extent that there is another retainer agreement, which would govern the time period relevant to the Court's order granting Plaintiff's motion for summary judgment, counsel may re-file his motion for attorney's fees attaching the applicable retainer agreement.[2] Second, counsel has failed to submit any evidence or documentation supporting his request for $15,339 in fees. Notably, he has not submitted a declaration attesting to his hourly rate, detailing the hours expended on this matter, or otherwise explaining the reasonableness of his request for $15,399. Finally, as the Commissioner notes, the docket does not reflect that counsel served a copy of his motion for fees on Plaintiff.

Accordingly, Plaintiff's counsel's motion for attorney's fees is DENIED without prejudice to renewal provided he addresses the issues raised herein. Should counsel due so, he must serve a copy of the motion on Plaintiff and file proof of service of the same.

This Order disposes of Docket No. 29.

**IT IS SO ORDERED.**

Dated: July 11, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

[2] Further, Plaintiff's Notice of Change in Benefits letter which was attached to counsel's motion states in part that "Under the fee agreement, the representative cannot charge more than $6000.00 for his or her work." (Dkt. No. 29-1 at 2.) Counsel shall explain what fee agreement this statement refers to in any renewed fee motion.