United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON WOOD,<br>           Plaintiff,<br>    v.<br>NANCY A. BERRYHILL,<br>           Defendant. | Case No.14-cv-03764-JSC<br><br>**ORDER RE: SECOND MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(B)**<br><br>Re: Dkt. No. 32 |

In this Social Security case, Plaintiff Clayton Wood's attorney moves for attorney's fees pursuant to 42 U.S.C. § 406(b). The Court previously denied counsel's request for fees noting numerous deficiencies in the application. (Dkt. No. 31.) Plaintiff's counsel, Theodore Norwood, has renewed his request. (Dkt. No. 32.) Given the deficiencies still present in the motion, the request for fees is GRANTED IN PART and DENIED IN PART.

**BACKGROUND**

This case stems from Plaintiff's appeal of the SSA's denial of his application for disability benefits for a combination of physical and mental impairments, including: post traumatic stress disorder, head injury, head pain, depression, ringing in the inner ear, blurred eye vision, and short term memory loss. On August 14, 2015, the Court granted Plaintiff's motion for summary judgment, denied Defendant's cross motion for summary judgment, and remanded to the SSA for further proceedings, concluding that the Administrative Law Judge ("ALJ") committed legal error in weighing the medical evidence and evaluating Plaintiff's credibility. (Dkt. No. 19.) On remand, the ALJ determined that Plaintiff was, and continues to be, disabled as of November 2011. (Dkt.

No. 29-1 at 1.[1]) As a result, the SSA awarded Plaintiff past-due benefits, in the amount of $53,881.50 for himself and $19,476 for his minor daughter, as well as ongoing benefits. (*Id.*) On December 28, 2015, pursuant to the parties' stipulation, the Court awarded $4,303.92 in fees to Plaintiff's counsel pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 27.) Plaintiff subsequently filed a motion for fees pursuant to 42 U.S.C. § 406(b). (Dkt. No. 29.) Counsel requested fees in the amount of $15,339.00; this total represents 25% of Plaintiff's and his daughter's past-due benefits. (Dkt. No. 27 at 8.) The Court denied this motion without prejudice because counsel had failed to establish the reasonableness of the fee request. (Dkt. No. 31.)

## DISCUSSION

Section 406(b) provides that "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25% of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court has rendered a judgment favorable to a claimant by reversing an earlier determination by an ALJ and remanding for further consideration, the court may calculate the 25% fee based upon any past-due benefits awarded on remand. *See, e.g.*, *Crawford v. Astrue*, 586 F.3d 1142 (9th Cir.2009) (en banc); *Wells v. Colvin*, No. 12-CV-05287-JST, 2015 WL 4072847, at *1 (N.D. Cal. July 2, 2015).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id.* at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

2

analyzing: whether counsel provided substandard representation, any dilatory conduct by counsel to accumulate additional fees, whether the requested fees are excessively large in relation to the benefits achieved, and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52; *Wells*, 2015 WL 4072847 at *1.

The Court denied the prior request for fees because counsel had failed to provide sufficient information in support of his application. In particular, counsel failed to (1) provide evidence that he had a fee agreement with Plaintiff that covered the time period of this lawsuit; (2) failed to submit any documentation in support of his fee request including a declaration attesting to his hourly rate and the hours spent on this matter; and (3) failed to serve a copy of the motion on Plaintiff. (Dkt. No. 31 at 3.) The renewed motion fails to remedy the first and second of these defects.

Counsel concedes that he did not enter into a written contingency fee agreement with Plaintiff until after the dispositive motions in this action were under submission; that is, until after all the substantive work had been done in this case. (Dkt. No. 32 at 1.) He has submitted a document entitled "Questionnaire of Plaintiff Clayton Wood Sent by Plaintiff's Attorney Ted Norwood" wherein Plaintiff appears to answer certain questions posed by counsel, but the "Questionnaire" is (1) not signed under penalty of perjury, and (2) sheds little light on Plaintiff's understanding of the fee agreement here. In response to a question about whether Mr. Norwood "discuss[ed] the procedures of the court case and the fees" with him, Plaintiff states "yes, but I thought SSA would pay the fees directly." (Dkt. No. 32-1 at 1.) He also states that while he knew there was a fee, he was "not sure about the total amount" and "[t]his whole process is difficult to understand." *Id*. Although the Court has significant concerns about accepting this unsworn document as evidence that Plaintiff and Mr. Norwood had a contingency fee agreement in place at the time Mr. Norwood performed the at-issue work, Plaintiff has been served with a copy of this motion and has not disavowed such an agreement; the Court thus assumes the validity of the contingency fee agreement.

However, even in contingency fee cases, the court has "an affirmative duty to assure that the reasonableness of the fee [asserted by counsel] is established." *Crawford*, 586 F.3d at 1149.

3

Fees sought under Section 406(b) should be reduced where they would constitute a "windfall," and would not be proportional to the time spent on the case. *See Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1148. The court may require a record of hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge. *See Gisbrecht*, 535 U.S. at 808. The attorney bears the burden of documenting "the appropriate hours expended in the litigation by submitting evidence in support of those hours worked." *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992).

Here, although the Court advised counsel in his last motion for fees that he was required to provide evidence or documentation supporting his request for fees, such as a declaration attesting to his hourly rate and the hours expended on this matter, he did not do so. (Dkt. No. 31 at 3.) Instead, counsel simply includes these numbers in his motion—which is not filed under penalty of perjury as a declaration would be—and notably does not state that he spent 22.7 hours working on this case, but rather, that he "asked for" and "claimed" 22.7 hours. An accurate understanding of the amount of time counsel spent on this action is critical because "[i]f the benefits are large in comparison to the amount of time counsel spent on the case [as here], a downward adjustment [in fees may be] in order." *Gisbrecht*, 535 U.S. at 808. Counsel's only substantive filing in this case was his 10-page motion for summary judgment—Counsel did not file a reply brief despite the fact that, as the Court noted in its summary judgment order, the Commissioner improperly sought to bolster the ALJ's adverse credibility finding with justifications not relied on by the ALJ.[2] (Dkt. No. 19 at 30.)

In considering the reasonableness of the fees, the court also looks to the de facto hourly rate claimed. *See Goucher v. Colvin*, No. 14-CV-03009-EMC, 2017 WL 3421845, at *3 (N.D. Cal. Aug. 9, 2017). Counsel represents that his de facto hourly rate is $486.12 per hour; however, this hourly rate is based on the lower amount of fees following the EAJA deduction rather than the

---

[2] While the Ninth Circuit has faulted a district court for reducing a fee award where "the district court may have overlooked [counsel's] significant work beforehand to obtain a favorable decision," the fee agreement here confirms that counsel did no work on Plaintiff's disability benefits claim prior to filing the action here. *Rauh v. Comm'r of Soc. Sec. Admin.*, 548 F. App'x 469, 470 (9th Cir. 2013). (Dkt. No. 29-3.)

4

total amount of fees. *See Stewart v. Asture*, No. C 05-2317 PVT, 2010 WL 934657, at *1 (N.D. Cal. Mar. 15, 2010) ("Plaintiff's counsel's suggestion that the court should base its reasonableness determination on just $ 11,765.89 of the award [i.e., taking out the EAJA award] ignores the reality of how much money he will actually have received for the court case."). That is, the hourly rate should be based on the total amount of fees sought: $15,339. Here, that translates to an hourly rate of $675.72, not the $486.12 stated in counsel's motion. Counsel has not made any attempt to show that he has ever been awarded a de facto rate of $675 or any rate for that matter and the Court's independent research did not identify any cases in which Mr. Norwood had been awarded fees at this or any other rate. The Court recognizes that the equivalent hourly rate of a contingent fee is often greater than a lodestar fee because the contingent fee method often compensates attorneys for the risk undertaken in representing clients on a contingency basis. *See Crawford*. 586 F.3d at 1150. Here, however, counsel has not shown that an hourly rate of $675 is "reasonable for the services rendered." *See Gisbrecht*, 535 U.S. at 807; *see also Goucher*, 2017 WL 3421845, at *4 (noting that in the bay area the average noncontingent hourly rate is only $480 and that a $630 hourly rate is commanded by the top ninth decile only).

Given the minimal amount of work performed and the limited risk assumed by counsel in the district court proceedings, the Court concludes that an award of fees in the amount of 15% of the past-due benefits, or $11,003.62 (for an hourly rate of $484.74) is reasonable.

## CONCLUSION

For the reasons stated above, counsel's second motion for attorney's fees is GRANTED IN PART AND DENIED IN PART. Counsel is awarded $11,003.62 as § 406(b) attorney's fees. The $4,303.92 EAJA award shall be refunded to Plaintiff.

This Order disposes of Docket No. 32.

**IT IS SO ORDERED.**

Dated: September 15, 2017

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

5